**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| MARIA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-04292-MDH |
| | ) | |
| WILLIAMS & FUDGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Williams & Fudge, Inc.'s Motion to Dismiss (Doc. 8). Defendant filed Suggestions in Support (Doc. 9), Plaintiff filed Suggestions in Opposition (Doc. 10) and Defendant has filed a reply (Doc. 13). Additionally, before the Court is Plaintiff's Motion to Strike New Evidence and Arguments in Defendant's Reply, or in the Alternative, for Leave to File Sur-Reply. (Doc. 14). Defendant filed Suggestions in Opposition (Doc. 16) and Plaintiff has filed a reply. (Doc. 17). Lastly, before the Court is Plaintiff's Motion to Compel Scheduling Conference. (Doc. 20). Defendant has not filed Suggestions in Opposition and the time to do so has elapsed. The motions are now ripe for adjudication on the merits. For reasons herein, Defendant's Motion to Dismiss is **GRANTED**; Plaintiff's Motion to Strike New Evidence and Arguments in Defendant's Reply is **DENIED**; Plaintiff's Motion to File Sur-Reply is **GRANTED**; and Plaintiff's Motion to Compel Scheduling Conference is **FOUND AS MOOT**.

## BACKGROUND

This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff Maria Thomas is a resident of Grandview, Missouri and Defendant Williams

1

& Fudge, Inc is a South Carolina corporation with its principal place of business located in South Carolina.

Plaintiff attended Benedictine College in the Fall of 2023 and paid for that semester using personal funds and federal financial aid. Plaintiff enrolled in the Witner Semester at Benedictine College in 2024 but dropped out after several weeks. Plaintiff alleges that the debt owed is for attendance during the first few weeks of the Winter Semester in 2024. Plaintiff states that Defendant attempted to collect a debt owed or due, due, or asserted to be owed or due to Benedictine College. Plaintiff alleges that on September 18 and 19 of 2024, Defendant attempted to collect a debt on behalf of Benedictine College, threatened Plaintiff that if she did not pay her debt, her college transcripts will be withheld by Benedictine College. Plaintiff further alleges these attempts at debt collection were illegal as the United States Department of Education enacted a rule as of July 2024 that prohibits institutions from withholding transcripts for credits paid for with federal financial aid. Plaintiff states that Defendant claims her transcript would be withheld if she did not pay the debt from the Winter 2024 semester. Plaintiff argues that her tuition was paid for with federal financial aid and that Defendant's collection attempt sets forth a false representation of the amount of debt allegedly owed in violation of the FDCPA.

Plaintiff brings her Complaint alleging one count of violations of the FDCPA. Defendant subsequently brought its Motion to Dismiss arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff additionally brings her Motion to Strike New Evidence and Arguments in Defendant's Reply, or, in the Alternative, for Leave to File Sur-Reply. The Court will evaluate each motion.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

As the Motion to Strike and Motion to File Sur-Reply deal directly with Defendant's Motion to Dismiss, the Court will evaluate Plaintiff's Motion to Strike first.

### I. Motion to Strike

#### A. New Legal Theory

Plaintiff argues that the Defendant has engaged in procedural sandbagging. Specifically, Plaintiff argues that the Defendant added a new legal theory in its reply; that federal regulations are merely contractual and do not bind participants until a new form is signed. Plaintiff states that it is well settled in the Eighth Circuit that a party may not raise new arguments or evidence for the first time in the reply brief and thus the Court should strike these portions of Defendant's reply.

Defendant argues that its reply was proper supplementation and expanded its argument from its Suggestions in Support. Defendant argues that in its Motion to Dismiss, it addresses the Program Participation Agreement ("PPA") and its application to Plaintiff's allegations. Defendant argues that 34 C.F.R. § 668.14(b)(34) is a contractual requirement rather than a regulatory requirement, which expands its argument that the regulation is misplaced.

"As a general rule, [courts] will not consider arguments raised for the first time in a reply brief. [Courts] are not precluded from doing so, however, particularly where the argument raised in the reply brief supplements an argument raised in a party's initial brief." *Gatewood v. City of O'Fallon, Missouri*, 70 F.4th 1076, 1080 (8th Cir. 2023) (quoting *Carpenter's Pension Fund of Ill. v. Neidorff*, 30 F.4th 777, 787 (8th Cir. 2022)). Further, "[w]hen courts have exercised their authority to decline consideration of issues raised in reply briefs, they have typically done so out of concern that the opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond." *Gatewood v. City of O'Fallon, Missouri*, 70 F.4th 1076, 1080 (8th Cir. 2023) (quoting *United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003)).

The Court finds that Defendant's argument relates back to its Motion to Dismiss and Suggestions in Support. Defendant's Suggestions in Support state:

> Plaintiff contends [Williams & Fudge, Inc.]'s statements violate the FDCPA based on federal regulations governing standards for participation in Title IV, HEA programs. *See* 34 CFR § 668, et seq. These regulations provide that an institution *may participate* in any Title IV, HEA program *if the institution enters into a written Program Participation Agreement with the Secretary of Education*. 34 CFR § 668.14. By entering into a PPA, an institution agrees to a number of provision including the two herein at issue[.]

(Doc. 9, page 4) (emphasis added). While Defendant did not explicitly make their argument regarding whether the federal regulations do not bind participants until a new form is signed, the plain language in Defendant's Suggestions in Opposition is enough to supplement the implicit

argument found within its Suggestions in Support. The Court finds that Defendant's Reply brief does not contain a new legal theory and thus Plaintiff's Motion to Strike on that basis is **DENIED**.

### B. Footnote

Plaintiff next argues that Defendant raised for the first time in its reply new extrinsic evidence. Specifically, the Defendant introduces a website link and a specific date to argue a fact not found in the Complaint. Defendant argues that the inclusion of the website link and specific date are permissible and precludes Plaintiff from stating that 34 C.F.R. § 668(b)(34) applied when Defendant made its statements to Plaintiff in mid-September. Further, Defendant argues that the Court is permitted to take judicial notice of the contents of the record pursuant to Federal Rule of Evidence 201.

Even if not filed with the pleadings "documents necessarily embraced by the complaint" can be considered on a motion to dismiss. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted). Separately, "[t]he district court may take judicial notice of public records and may thus consider them on a motion to dismiss. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

The website link and specific date are found in footnote 1 of Defendant's Reply in Support of its Motion to Dismiss and states in relevant part:

> Plaintiff says the actionable statements occurred done September 18, 2024, and September 19, 2024. See DE 1-1, ¶ 25. However, public records show Benedictine College did not enter into a program participation agreement which included the language in § 668(b)(34) until November 4, 2024. See https://studentaid.gov/data-

center/school/ppa, hyperlink titled "PPA Statuses of Title IV Eligible Institutions (last visited January 26, 2026). As a public record, the Court can take judicial notice of the contents of this record pursuant to Fed. R. Evid. 201. The Court need not do so, however, because of Plaintiff's lack of allegations on this issue.

(Doc. 13, page 2, Fn. 1). Defendant's footnote has a hyperlink that details the PPA statuses of Title IV Eligible Institutions which helps supplement Defendant's argument as raised in its Motion to Dismiss and Suggestions in Support. 34 C.F.R. § 668.14 governs the PPA and states:

> An institution may participate in any Title IV, HEA program, other than the LEAP and NEISP programs, only if the institution enters into a written program participation agreement with the Secretary, on a form approved by the Secretary. A program participation agreement conditions the initial and continued participation of an eligible institution in any Title IV, HEA program upon compliance with the provisions of this part, the individual program regulations, and any additional condition specified in the program participation agreement that the Secretary requires the institution to meet.

The PPA is a public record that is necessarily embraced by the Complaint and may be judicial noticed within a motion to dismiss without converting it into a summary judgment motion. The Court finds that Defendant's footnote in its reply does not raise new evidence and thus Plaintiff's Motion to Strike on that basis is **DENIED**. However, to ensure that Plaintiff does not suffer inadvertent prejudice, the Court will **GRANT** Plaintiff's Motion for Leave to File Sur-Reply and will constructively consider Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Dismiss as filed. (Doc. 14-1).

## II.      Motion to Dismiss

Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Defendant argues that its alleged statements do not constitute false or misleading representations under the FDCPA and the cited regulations do not prohibit transcript withholding under the facts alleged. Defendant further argues that even if the cited regulations do prohibit transcript withholding, the cited regulations do not apply to Defendant as it is not an

6

institution. Lastly, Defendant argues that there is no private right of action available under the regulation on which Plaintiff relies. The Court will take each of these arguments in turn.

### A.    False or Misleading Representations Under the FDCPA

Defendant argues that Plaintiff's FDCPA claim fails as a matter of law as Defendant's alleged statements were not false, deceptive, or misleading. Defendant argues that Benedictine College was within its rights to withhold Plaintiff's transcript for the unpaid session. Defendant further argues that its language is expressly conditional and merely relays what Benedictine College would do, without embellishment or a threat of unlawful action. Plaintiff argues that the FDCPA is virtually a strict-liability statute in that a consumer need not show that the debt collector intended to deceive the Plaintiff, but rather an objective "unsophisticated-consumer" standard is applied to determine if a statement is false or misleading under § 1692(c). Plaintiff argues that if a policy conflicts with federal law, a collector who threatens to enforce it violates the Act, such as in this case.

While the Eighth Circuit has not recognized specific elements to a violation of the FDCPA, other courts within this district find that an FDCPA claims must meet three elements: "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Moon v. Portfolio Recovery Assocs., LLC*, No. 4:23CV1195 JMB, 2024 WL 473770, at *3 (E.D. Mo. Feb. 7, 2024) (quoting *Klein v. Stewart Zlimen & Jungers, Ltd.*, No. CV 18-658, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019)). The FDCPA states that a debt collector may not use false, deceptive, or misleading representations in the attempt to collect a debt, including the threat to take any action that cannot legally be taken or that is not intended to

7

be take. 15 U.S.C. § 1692e(5). 34 C.F.R. § 668.14 governs the PPA which sets for the standards for participation in Title IV, HEA programs. This regulation was updated and effective starting July 1, 2024, and states in relevant part:

> It will not withhold official transcripts or take any other negative action against a student related to a balance owed by the student that resulted from an error in the institution's administration of the title IV, HEA programs, or any fraud or misconduct by the institution or its personnel;

> Upon request by a student, the institution will provide an official transcript that includes all the credit or clock hours for payment periods–[i]n which the student received title IV, HEA funds; and *[f]or which all institutional charges were paid or included in an agreement to pay at the time the request is made[.]*

34 C.F.R. § 668.14(b)(33)–(34) (emphasis added_.

Taking the allegations as true for the purposes of a motion to dismiss, Plaintiff has failed to raise a right to relief above a speculative level. Here, Plaintiff's Complaint alleges that:

> Plaintiff attended and completed the Fall Semester of 2023 of college education at Benedictine College and paid for that semester using personal funds as well as fund[s] provided for by federal financial aid. Plaintiff enrolled in the Winter Semester at Benedictine College in 2024 but dropped out after several weeks. The debt that Plaintiff allegedly owes is for attendance of Benedictine College during the first few weeks of the Winter Semester in 2024.

(Doc. 1-1, ¶¶ 20–22). Plaintiff concedes in her Complaint that the debt owed is for the Winter Semester in 2024. By the plain language of 34 C.F.R. § 668.14(b)(34) it states that "the institution will provide an official transcript that include all the credit or clock hours for payment periods … for which *all institutional charges were paid* or included in an agreement to pay at the time the request is made." (emphasis added).  Even taking Plaintiff's Complaint in the light most favorable to her, she has failed to show she complied with 34 C.F.R. § 668.14(b)(34). Plaintiff's Complaint further stated that:

> On two occasions, September 18, 2024 and September 19, 2024, [Williams & Fudge, Inc.] in an attempt to collect a debt on behalf of Benedictine College, threatened Plaintiff that if she did not pay her debt, her college transcripts will be withheld by Benedictine College.

8

(Doc. 1-1, ¶ 25). The Court cannot say this statement by Defendant, as alleged in Plaintiff's Complaint, was false, deceptive, or misleading as Benedictine College had a right to withhold Plaintiff's transcript pursuant to payment or an agreement to pay. Further, as discussed above, Plaintiff has not satisfied the conditions in 34 C.F.R. § 668.14(b)(34) and thus that regulation does not provide Plaintiff protection from the collection efforts of Defendant. For the reasons stated, Defendant's Motion to Dismiss is **GRANTED**.

### B. Other Arguments

The Court having granted Defendant's Motion to Dismiss based on the rationale articulated above, the Court will decline to analyze Defendant's other arguments.

### III. Motion to Compel Scheduling Conference

The Court having granted Defendant's Motion to Dismiss will find as moot Plaintiff's Motion to Compel Scheduling Conference.

### CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Strike New Evidence and Arguments in Defendant's Reply is **DENIED**; Plaintiff's Motion for Leave to File Sur-Reply is **GRANTED**; Defendant's Motion to Dismiss is **GRANTED**; and Plaintiff's Motion to Compel Scheduling Conference is **FOUND AS MOOT**.

**IT IS SO ORDERED**.

DATED: April 21, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

9